J-A18013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY RICHARD REEL | |
| Appellant | No. 1529 WDA 2021 |

Appeal from the PCRA Order Entered December 9, 2021
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000489-2019

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:          **FILED: JANUARY 11, 2023**

Appellant Larry Richard Reel appeals from the December 9, 2021 order of the Court of Common Pleas of Jefferson County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The facts and procedural history of this case are undisputed.  As a result of committing sexual offenses in 2009, on August 17, 2010, Appellant pled guilty to indecent assault of a person less than thirteen years of age, indecent assault of an unconscious person and two counts of corruption of minors.[1] Years later, on September 23, 2019, Appellant was charged in the instant case with one count of failure to comply with registration requirements under

_____

[1] 18 Pa.C.S.A. §§ 3126(a)(7), (a)(4),and 6301(a)(1), respectively.

Section 4915.1(a.1)(1) of the Sexual Offender Registration and Notification Act ("SORNA"), 18 Pa.C.S.A. § 4915.1(a.1)(1)[2], which became effective on December 20, 2012. Appellant entered a negotiated guilty plea and, consistent with the terms of his plea agreement, the trial court sentenced him to 18 months' to 10 years' incarceration on April 9, 2020. Appellant did not file a direct appeal.

On April 5, 2021, the trial court received two handwritten letters from Appellant. The court treated the letters as a timely petition for post-conviction relief. The PCRA court appointed counsel. On August 20, 2021, appointed counsel filed an amended PCRA petition, asserting ineffectiveness claims. Specifically, counsel argued that Appellant's sentence was illegal because Section 4915.1(a.1)(1), to which he was allowed to plead guilty, did not apply to him. As a result, Appellant requested that he be permitted to withdraw his guilty plea. That same day, the PCRA court conducted a hearing, at which Appellant presented testimony. On December 9, 2021, the PCRA court denied relief. Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

---

[2] Section 4915.1(a.1)(1) provides in pertinent part:

> An individual set forth in 42 Pa.C.S. § 9799.13 who is a transient commits an offense if he knowingly fails to . . . register with the Pennsylvania State Police as required under 42 Pa.C.S. §§ 9799.15, 9799.16(b)(6) (relating to registry) and 9799.25(a)(7).

42 Pa.C.S.A. § 4915.1(a.1)(1).

On appeal, Appellant raises a single issue for our review.

[I.] Was [Appellant's] trial counsel ineffective, and [Appellant] thereby prejudiced, for not objecting, and allowing [Appellant] to enter a guilty plea, and be sentenced, for failure to comply with sex offender registration requirements pursuant to 18 Pa.C.S.A. § 4915(a.1)(1)[], where there was no factual basis supporting the elements of the crime as such statutory violation was impossible for [Appellant] to have committed, given that his underlying sex crime occurred in 2009, with conviction in 2010, the only relevant crime for which there was a factual basis supporting a guilty plea appears at 18 Pa.C.S.A. § 4915.2[.]

Appellant's Brief at 3. Distilled to its essence, Appellant simply argues that his counsel was ineffective for permitting him to plea guilty to a crime whose elements he could not meet.[3] Thus, although couched as an ineffectiveness claim, Appellant seemingly challenges the legality of his sentence.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)). Moreover, the PCRA permits our courts to grant relief from illegal sentences. **See** 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."); **see also Commonwealth v. Prinkey**, 277 A.3d 554, 560, 568 (Pa. 2022) (holding that a challenge to legality of sentence implicates a claim cognizable under the PCRA). "[T]hough not technically waivable, a legality [of sentence] claim

_____

[3] The Commonwealth did not file a brief in this case.

may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted).

Preliminarily, in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the reporting and registration requirements under SORNA were punitive and that their retroactive application to offenses committed ***prior*** to SORNA's December 20, 2011 enactment and December 20, 2012 effective date violated the *ex post facto* clause of the United States Constitution. The ***Muniz*** Court considered whether SORNA was unconstitutional as applied to a defendant subjected to an increased registration period under SORNA. ***Id.*** at 1192-93. Muniz was convicted of indecent assault in 2007 and subject to a ten-year registration requirement pursuant to then-extant Megan's Law III (42 Pa.C.S.A. § 9795.1 *et seq.* (expired)). ***Id.*** at 1193. Muniz absconded prior to sentencing. In 2014, he was apprehended, sentenced, and subjected to a lifetime reporting requirement under SORNA. ***Id.*** In summary, our Supreme Court concluded that SORNA's notification and registration requirements were punitive rather than civil, and that SORNA was unconstitutional as applied to Muniz because it increased the punishment for indecent assault after he committed the offense.

Following ***Muniz***, and ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) ("***Butler I***"), ***rev'd***, 226 A.3d 972 (Pa. 2020) ("***Butler II***"),[4] the Pennsylvania General Assembly amended the prior version of SORNA ("SORNA I") by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as "SORNA II." ***See*** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, and (2) a newly-added Subchapter I. The now revised Subchapter H limits the applicability of Section 4915.1 to individuals who committed a sexual offense on or after December 20, 2012 (the date SORNA I became effective). The added Subchapter I applies to individuals who committed a sexual offense on or after April 22, 1996, but before December 20, 2012, whose period of

_____

[4] In ***Butler I***, this Court held that the provision of SORNA I requiring a court to designate a defendant a SVP by clear and convincing evidence violates the federal and state constitutions because it increases a defendant's criminal penalty without the factfinder making necessary factual findings beyond a reasonable doubt. ***See Butler I***, ***supra***. Our Supreme Court, however, reversed ***Butler I***. ***See Butler II***, ***supra*** (holding SVPs are different from non-SVP SORNA registrants at issue in ***Muniz*** because of heightened public safety concerns based on a determination that SVPs have a mental abnormality or personality disorder that makes individual likely to engage in predatory sexual violent offenses; procedure for designating individuals as SVPs is not subject to requirements of ***Apprendi*** and ***Alleyne*** and remains constitutionally permissible); ***see also Apprendi v. New Jersey***, 530 U.S. 466, 120 S. Ct. 2348 (2000) (holding any facts, other than fact of prior conviction, that subject defendant to additional penalty beyond statutory maximum must be submitted to jury and proven beyond reasonable doubt) and ***Alleyne v. United States***, 570 U.S. 99, 133 S. Ct. 2151, (2013) (holding any fact that increases mandatory minimum sentence for crime is fact that must be submitted to jury and found beyond reasonable doubt).

registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired.

With this background in mind, on appeal Appellant suggests that, despite **Muniz** and the General Assembly's subsequent enactment of Act 10 and Act 29, the Commonwealth charged him under an incorrect SORNA I provision—Section 4915.1(a.1)(1)—that applies only to individuals who commit an offense on or after December 20, 2012. Because it is undisputed that Appellant's sexual offenses occurred in 2009, he claims that the Commonwealth erred in charging him under Section 4915(a.1)(1) and that the resulting guilty plea and sentence are illegal. We agree.

Section 4915(a.1)(1) does not obligate an offender, whose offenses predate the effective date of SORNA I, to register. As a result, Appellant had no such duty under Section 4915.1(a.1)(1).[5] Accordingly, the PCRA court erred in failing to grant Appellant's petition seeking to vacate his conviction and sentence under Section 4915.1(a.1)(1). **See Commonwealth v. Rivera**, 154 A.3d 370, 381 (Pa. Super. 2017) (*en banc*) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance."),

---

[5] Although we are cognizant of the fact that the Commonwealth likely committed a technical error in bringing charges under the wrong subsection, it has not filed a brief or made any argument as to why we may excuse its error. Separately, we note that Appellant concedes charges *sub judice* might have been proper under Section 4915.2, which applies to individuals who committed a sexual offense on or after April 22, 1996, but before December 20, 2012, and whose period of registration has not expired. We, however, offer no opinion.

***appeal denied***, 169 A.3d 1072 (Pa. 2017).  We, therefore, vacate the PCRA court's order and remand this matter for further proceedings.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge Mclaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/11/2023